UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20538-CR-MORENO

UNITED STATES OF AMERICA

vs.

ADEMOLA O. ADEBAYO,

Defendant.

_____/

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture for a forfeiture money judgment in the amount of $1,423,764 against Defendant Ademola O. Adebayo, and the forfeiture of vehicles and real property in partial satisfaction thereof.   Being fully advised in the premises and based on the United States' Motion for Preliminary Order of Forfeiture, and Memorandum of Law in Support Thereof, the Declaration of FBI Special Agent Donovan, the record in this matter, and for good cause shown thereby, the Court finds as follows:

1.      On June 21, 2018, a federal grand jury returned an Indictment charging Defendant Ademola O. Adebayo (the "Defendant") in Count 1 with conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349, in Counts 2-4 with wire fraud in violation of 18 U.S.C. § 1343, and in Count 5 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).  Indictment, ECF No. 3.

2.      The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1343 or 1349, the Defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes

or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense. *See id.* at 15. The Indictment also alleged that upon a conviction of a violation of 18 U.S.C. § 1956 or 1957, the Defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. *See id.*

      3.    The Indictment alleged that the property subject to forfeiture includes, but is not limited to:

    a.  A forfeiture money judgment of at least $157,428,599;

    b.  Real property located at 22422 Bartholdi Circle, Land O Lakes, Pasco County, Florida, more particularly described as Alsace PB 64 PG088, Lot 7, parcel ID 1826-19-0270-00000-0070;

    c.  One (1) 2001 Ferrari automobile, Vehicle Identification Number ("VIN") ZFFYU51A010123361, seized from the defendant on or about August 9, 2016;

    d.  One (1) 2015 Cadillac sport utility vehicle, VIN 3GYFNDE39FS632853, seized from the Defendant on or about August 9, 2016.

    e.  One (1) 2007 Lamborghini automobile, VIN ZHWGU22T67LA05583, seized from the Defendant on or about August 9, 2016;

    f.  One (1) 2007 Bentley automobile, VIN SCBDR33WX7C048920, seized from the Defendant on or about August 9, 2016;

    g.  One (1) 2015 Cadillac sports utility vehicle, VIN 3GYFNCE33FS567248, registered to the Defendant; and

      h.   One (1) 2012 Porsche vehicle, VIN WP0AB2A79CL061341, registered to the

          Defendant.

*See id.* at 15-16.

    4.     On January 10, 2019, after a three-day trial, a jury returned a verdict convicting the

Defendant on all charged counts of the Indictment. *See* Trial Minute Entries, ECF No. 42, 45, 57;

Jury Verdict, ECF No. 53.

    5.     As set forth in the Presentence Investigation Report, between October 2012 and

December 2015, the Defendant, Nicholas A. Borgesano, Jr. ("Borgesano") and other co-

conspirators knowingly and willfully conspired to execute a scheme and artifice to defraud

Medicare, TRICARE, and private health programs through several pharmacies, including A to Z

Pharmacy, Inc. ("A to Z Pharmacy"), Havana Pharmacy and Discount, Inc. ("Havana Pharmacy"),

and Medplus Pharmacy Corp. ("Medplus Pharmacy"). *See* Presentence Investigation Report

¶¶ 21-23, ECF No. 65. The Defendant, Borgesano, and others submitted and caused the

submission of false and fraudulent reimbursement claims on behalf of such pharmacies for

compound medications purportedly provided to Medicare beneficiaries, TRICARE beneficiaries,

and privately insured beneficiaries that had not been provided as claimed, had not been legitimately

prescribed, and had not been legitimately compounded. *See id.* ¶ 31. As result, more than $100

million was paid on these false and fraudulent claims. *See id.* ¶ 40.

    6.     The Defendant was a pharmacist at A to Z Pharmacy and nominee owner of

Havana Pharmacy. *See id.* ¶ 22. The Defendant was also the owner of Tinto, Inc. ("Tinto"), a

Florida corporation. *See id.* ¶ 29. When Borgesano was not present at A to Z Pharmacy, the

Defendant was in charge of its operations. *See id.* ¶ 38. He picked new formulas for compound

medications when insurance companies stopped reimbursing for the prior formulas, shipped

compound medications to states in which it was not licensed, and authorized the redistribution of returned creams to new patients. *See id.* ¶ 38. In addition, after A to Z Pharmacy's ability to receive payments for claims was suspended by health insurance program payers due to suspicious activity, the Defendant agreed with Borgesano to become the nominal owner of Havana Pharmacy so that false and fraudulent reimbursement claims could continue to be submitted. *See id.* ¶¶ 36-37.

7.      The Defendant and his co-conspirators then laundered proceeds of the health care fraud scheme to accounts held by the Defendant and his companies. *See* SA Donovan Decl. At trial, the Government presented evidence that, as a result of this fraudulent health care scheme, the Defendant personally obtained at least $1,423,764 in proceeds via payments to his personal accounts or to accounts he controlled but held in the name of Tinto, his company, from Borgesano and A to Z Pharmacy or related entities. *See* Gov't Ex. 1022, ECF No. 61. *Accord* Def.'s Sentencing Mem. 13, ECF No. 69.

8.      The Defendant then used the commingled proceeds to purchase real property and vehicles. *See* SA Donovan Decl. (attached to Motion for Preliminary Order of Forfeiture).

**A. 2001 Ferrari, VIN ZFFYU51A010123361**

9.      Between in or around January 2013 and May 2014, after A to Z Pharmacy received approximately $42.3 million in claims reimbursements to SunTrust accounts ending in 2119, 2567, and 6378 and a Synovus account ending in 9479, approximately $565,826 was transferred from A to Z Pharmacy to the Defendant's personal account ending in 4404 at SunTrust Bank. *See* SA Donovan Decl. (Gov't Ex. 1204, not admitted at trial).

4

10.    From the Defendant's SunTrust account ending in 4404, between on or about June 20, 2013, and May 23, 2014, the Defendant made nine payments totaling approximately $26,000 to Gateway One Lending & Finance in order to acquire a 2007 Land Rover. *See id.*

11.    On or about November 30, 2015, the Defendant traded in the 2007 Land Rover for a 2001 Ferrari, VIN ZFFYU51A010123361 ("2001 Ferrari"). *See id.*

12.    Pursuant to a seizure warrant, on or about August 9, 2016, the 2001 Ferrari was seized from the Defendant by law enforcement agents. *See id.*

**B. 2015 Cadillac SUV, VIN 3GYFNDE39FS632853**

13.    In addition, between on or about September 13, and December 13, 2013, approximately $217,780 was transferred from A to Z Pharmacy's SunTrust account ending in 2567 to a SunTrust account ending in 4594 held in the name of Tinto and controlled by the Defendant. *See* SA Donovan Decl. (Gov't Ex. 1208, not admitted at trial).

14.    From this Tinto SunTrust account, between on or about October 16, and November 12, 2013, the Defendant transferred approximately $56,600 to his personal SunTrust account ending in 4404. *See id.*

15.    On or about December 16, 2013, he transferred approximately $13,900 from the SunTrust account ending in 4404 to Bayshore Automotive to acquire a 2011 Infiniti. *See id.*

16.    On or about October 8, 2015, the Defendant traded in the 2011 Infiniti for a 2015 Cadillac sports utility vehicle, VIN 3GYFNDE39FS632853 ("2015 Cadillac SUV 2853"). *See id.*

17.    Pursuant to a seizure warrant, on or about August 9, 2016, the 2015 Cadillac SUV 2853 was seized from the Defendant by law enforcement agents. *See id.*

### C. 2007 Lamborghini, VIN ZHWGU22T67LA05583 & Land O Lakes Property

18.     Also, between on or about August 22, 2014, and September 23, 2015, approximately $164,000 was transferred from A to Z Pharmacy to the Defendant's SunTrust account ending in 4404. *See* SA Donovan Decl. (Gov't Ex. 1202, not admitted at trial).

19.     From the SunTrust account ending in 4404, between on or about December 9, 2014, and February 2, 2015, the Defendant made two payments totaling approximately $1,800 to Chase Finance for a 2007 Lamborghini, VIN ZHWGU22T67LA05583 ("2007 Lamborghini"). *See id.*

20.     In addition, on or about June 29, 2015, an additional $78,220.14 from the refinancing of real property located at 18132 Patterson Road, Odessa, Florida ("Odessa Property") was transferred to Chase Finance for the 2007 Lamborghini. *See id.*

21.     The Odessa Real Property was also acquired with commingled proceeds traceable to the Defendant's health care fraud scheme. *See id.*

22.     Between in or around October 2012 and June 2014, approximately $771,576 was transferred from A to Z Pharmacy's SunTrust account ending in 2567 to Defendant's TD Bank account ending in 7729. *See* SA Donovan Decl. (Gov't Ex. 1201, not admitted at trial).

23.     On or about June 16, 2014, the Defendant, via checks withdrawn from his TD Bank account ending in 7729, made a $30,000 deposit to purchase the Odessa Property. *See id.*

24.     On or about August 27, 2017, from the same TD Bank account ending in 7729, the Defendant transferred approximately $583,000 to the closing agent for the Odessa Property. *See id.*

25.     Between in or around October 2014 and February 2015, the Defendant transferred approximately $104,625 to New Wave Loans Residential, the mortgage holder for the Odessa

6

Property. *See id.* During the same time period, he received approximately $180,089 from accounts held by A to Z Pharmacy and Medplus Pharmacy. *See id.*

26.     In or around June 2015, the Defendant refinanced the Odessa Property, paying off the outstanding mortgage balance and the amount owed on the 2007 Lamborghini. *See id.*

27.     On or about June 26, 2017, the Defendant sold the Odessa Property and with the proceeds from the sale, purchased real property located at 22422 Bartholdi Circle, Land O Lakes, Pasco County, Florida ("Land O Lakes Property"). *See id.*

28.     Pursuant to a seizure warrant, on or about August 9, 2016, the 2007 Lamborghini was seized from the Defendant by law enforcement agents. *See id.*

### D.   2015 Cadillac SUV, VIN 3GYFNCE33FS567248

29.     After fraudulent insurance claims funded A to Z Pharmacy's SunTrust account ending in 2567, on or about February 21, 2014, approximately $50,000 was transferred from that account to SunTrust account ending in 4594 held in the name of Tinto and controlled by the Defendant. *See* SA Donovan Decl. (Gov't Ex. 1210, not admitted at trial).

30.     On or about February 24, 2014, approximately $40,000 was transferred from the SunTrust account ending in 4594 to Defendant's SunTrust account ending in 4404. *See id.*

31.     On or about February 28, 2014, funds from Defendant's SunTrust account ending in 4404 was used to purchase a 2011 BMW. *See id.*

32.     On or about March 17, 2018, the Defendant traded in the 2011 BMW for another 2015 Cadillac sports utility vehicle, VIN 3GYFNCE33FS567248 ("2015 Cadillac SUV 7248"). *See id.*

33.     In addition, approximately $18,000 traceable to the sale of the Odessa Property was used to satisfy the remaining purchase price of the 2015 Cadillac SUV 7248. *See id.*

34.     On or about June 27, 2018, the Court entered a Protective Order restraining the 2015 Cadillac SUV 7248.

### E. 2012 Porsche vehicle, VIN WP0AB2A79CL061341

35.     Also, after fraudulent insurance claims funded A to Z Pharmacy's SunTrust account ending in 2567 and 6378, between on or about December 14, 2012, and December 13, 2013, approximately $59,000 was transferred from A to Z Pharmacy to the Defendant's SunTrust account ending in 4404. *See* SA Donovan Decl. (Gov't Ex. 1211, not admitted at trial).

36.     In addition, an additional $123,473 was transferred from A to Z Pharmacy to the SunTrust account ending in 4594 held in the name of Tinto and controlled by the Defendant. *See id.* That sum was further laundered to the Defendant's SunTrust account ending in 4404 in several transfers totaling approximately $263,410. *See id.*

37.     Thereafter, between on or about May 2, 2013, and February 10, 2015, approximately 16 payments totaling approximately $26,375 were made to CarMax Auto Finance to acquire a 2008 Porsche. *See id.*

38.     On or about June 24, 2016, the Defendant traded in the 2008 Porsche for a 2012 Porsche Panamera, VIN WP0AB2A79CL061341 ("2012 Porsche"). *See id.*

39.     On or about June 27, 2018, the Court entered a Protective Order restraining the 2012 Porsche.

40.     Based on the Presentence Investigation Report, the Defendant's current assets consist of the Land O Lakes Property and approximately $5,500 on deposit in three accounts. See Presentence Investigation Report ¶¶ 92-96. FBI Special Agent Donovan has indicated that due to the Defendant's acts or omissions, directly forfeitable property other than the property identified for forfeiture above either cannot be located upon the exercise of due diligence; has been

transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled proceeds cannot be divided without difficulty. Accordingly, aside from the property sought for forfeiture, the Defendant appears to have dissipated the proceeds and property involved in his offenses.

41.     Based on the evidence presented at trial, the Defendant's convictions, the Presentence Investigation Report, and the Declaration of FBI Special Agent Donovan, the total value of the gross proceeds traceable to the health care fraud scheme charged in Counts 1-4 of the Indictment, or the total value of property, real or personal, involved in the money laundering charged in Count 5, was at least $1,423,764 in U.S. currency. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this sum may be sought as a forfeiture money judgment.

42.     In addition, the following specific property is subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(1), as property involved in the money laundering offense and/or traceable thereto:

      a.  Real property located at 22422 Bartholdi Circle, Land O Lakes, Pasco County, Florida;

      b.  One (1) 2001 Ferrari automobile, VIN ZFFYU51A010123361, seized from the defendant on or about August 9, 2016;

      c.  One (1) 2015 Cadillac sport utility vehicle, VIN 3GYFNDE39FS632853, seized from the Defendant on or about August 9, 2016.

      d.  One (1) 2007 Lamborghini automobile, VIN ZHWGU22T67LA05583, seized from the Defendant on or about August 9, 2016;

      e.  One (1) 2007 Bentley automobile, VIN SCBDR33WX7C048920, seized from the Defendant on or about August 9, 2016;

f.   One (1) 2015 Cadillac sports utility vehicle, VIN 3GYFNCE33FS567248,

registered to the Defendant; and

g.   One (1) 2012 Porsche vehicle, VIN WP0AB2A79CL061341, registered to the

Defendant.

**THEREFORE**, the United States' Motion for Preliminary Order of Forfeiture is

**GRANTED**, and it is hereby **ORDERED** that:

1.      Pursuant to 18 U.S.C. § 982(a)(1), (7), 21 U.S.C. § 853, and Rule 32.2 of the

Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $1,423,764 in

U.S. currency is hereby entered against Defendant Ademola O. Adebayo.

2.      Pursuant to 18 U.S.C. § 982(a)(1), the following assets are hereby forfeited and

vested in the United States of America in partial satisfaction of such forfeiture money judgment:

(i)     Real property located at 22422 Bartholdi Circle, Land O Lakes, Pasco County,

Florida, which is more fully described as:

Lot 7, ALSACE, according to the map or plat thereof as recorded in Plat Book 64,
Page 88, Public Records of Pasco County, Florida,
Parcel ID No. 18-26-19-0270-00000-0070;

(ii)    One (1) 2001 Ferrari automobile, VIN ZFFYU51A010123361, seized from the

defendant on or about August 9, 2016;

(iii)   One (1) 2015 Cadillac sport utility vehicle, VIN 3GYFNDE39FS632853, seized

from the Defendant on or about August 9, 2016.

(iv)    One (1) 2007 Lamborghini automobile, VIN ZHWGU22T67LA05583, seized

from the Defendant on or about August 9, 2016;

(v)     One (1) 2007 Bentley automobile, VIN SCBDR33WX7C048920, seized from the

Defendant on or about August 9, 2016;

(vi)     One (1) 2015 Cadillac sports utility vehicle, VIN 3GYFNCE33FS567248, registered to the Defendant; and

(vii)    One (1) 2012 Porsche vehicle, VIN WP0AB2A79CL061341, registered to the Defendant.

3.       An agent of the Federal Bureau of Investigation, or any duly authorized law enforcement agency, may seize, take possession, and dispose of the forfeited property according to law.

4.       The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

5.       The United States is authorized, pursuant to Rule 32.2(b)(3), (c)(1) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), to conduct any discovery necessary, including depositions, to identify, locate or dispose of the forfeited property or in order to expedite ancillary proceedings related to any third-party petition.

6.       Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to Defendant Ademola O. Adebayo.

7.       The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed.  If no claims are filed within sixty (60) days of the first day of publication or within thirty (30) days of receipt of actual notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, this Order shall become a Final Order of Forfeiture and the Federal

11

Bureau of Investigation, or any duly authorized law enforcement official, shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, this _____ day of March, 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

cc:     Nalina Sombuntham, Assistant U.S. Attorney (2 certified copies)